NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
T: (415) 433-1700

MATTHEW M. HOESLY (SBN: 289593)
mhoesly@dhillonlaw.com
**DHILLON LAW GROUP INC.**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
T: (949) 396-0608

RONALD D. COLEMAN (*pro hac vice*)
rcoleman@dhillonlaw.com
**DHILLON LAW GROUP INC.**
50 Park Place, Suite 1105
Newark, NJ 07102
T: (973) 298-1723

*Attorneys for Plaintiff Briana Cash*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRIANA CASH,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERSCOPE RECORDS, *a division of* UMG RECORDINGS, INC., *a Delaware corporation; and* BRIANNA CASTRO,<br><br>*Defendants.* | **CASE NO. 2:22-CV-01900-ODW-MAA**<br><br>*Assigned For All Purposes To The*:<br>Hon. Otis D. Wright, II; Courtroom 5D<br><br>**PLAINTIFF BRIANA CASH'S FIRST AMENDED COMPLAINT** |

## NATURE OF THE ACTION

1. This action arises out of Defendants' false, deceptive and misleading marketing, distribution, offering for sale and sale of services in a manner that infringes upon the rights Plaintiff has in and to her BRIANA CASH trademark and identity, and that competes unfairly in the marketplace with Plaintiff's services, thereby inflicting substantial injury to Plaintiff. Defendants' willful and intentional unauthorized use of the BRIANA CASH trademark, which is a colorable imitation of the trademark and identity long used by Plaintiff in connection with the distribution, marketing and sale of her BRIANA CASH services, has been and is done in a manner to imply, deceptively and confusingly, that the services which Defendants market, distribute and offer for sale are in some way associated with, licensed by or otherwise authorized or sponsored by Plaintiff, which is untrue.

## JURISDICTION AND PROPER VENUE

2. This action arises under the Trademark Act of 1946, the Lanham Act, (15 U.S.C.A. §§ 1051 et seq.), and particularly under Sections 32, 34, 35 and 43(a) of the Act (15 U.S.C.A. §§ 1114, 1116, 1117 and 1125(a), as more fully appears in this Amended Complaint. This United States District Court for the Central District of California has jurisdiction under Section 39 of the Lanham Act (15 U.S.C.A. § 1121) (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. 1338(b) (pendent unfair competition claims).

3. This Court has supplemental jurisdiction over all state law and common law claims in the civil action pursuant to 28 U.S.C. § 1367 because the state or common law claims are so related to claims over which this court has original jurisdiction that the state law and common law claims form part of the same case or controversy under Article III of the United States Constitution.

///

///

4.     This Court has personal jurisdiction over Defendants because, among other things, Defendants have purposefully availed themselves of the benefits and protections of California law by doing and transacting business in this forum.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claim occurred in this judicial district.

6.     By this action, Plaintiff seeks damages and preliminary injunctive relief pursuant to Sections 32, 34, 35, 36, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1118 and 1125(a), applicable California Law, as well as the common law.

**PARTIES**

7.     Plaintiff Briana Cash is an individual of legal age and an entertainer residing in Los Angeles, California ("Ms. Cash").

8.     Defendant Interscope Records, a division of UMG Recordings, Inc., a Delaware corporation, having its headquarters at 2220 Colorado Avenue, Santa Monica, California ("Interscope").

9.     Defendant Brianna Castro is, on information and belief, a resident of Philadelphia, Pennsylvania ("Ms. Castro").

**FACTUAL BACKGROUND**

10.    Plaintiff Briana Cash is an internationally-recognized singer-songwriter, producer, music supervisor, actress, and philanthropist well known in the entertainment industry, for which she has built a brand around her given legal birth name, "Briana Cash," since the 1990's.

11.    Ms. Cash has spent her entire career expending extensive efforts to build up the goodwill associated with the BRIANA CASH mark. Beyond Ms. Cash's lifetime of working with brands, artists, and others in the industry in building recognition and goodwill in her name and trademark.

//

- 3 -
FIRST AMENDED COMPLAINT

12. Ms. Cash owns a federal trademark registration for the BRIANA CASH mark in the United States. See Attachment A (Trademark Registration No. 6220336 ["BRIANA CASH Registration"]). This registration covers goods and services in three classes: 1) "Compact discs featuring prerecorded music; downloadable musical sound recordings; downloadable electronic sheet music" in Class 9; 2) "Streaming of prerecorded, non-downloadable music via a global computer network" in Class 38; and 3) "Entertainment services, namely, live performances by a musical artist; production of music; presentation of live show performances; supervision of music for television programs, namely, providing advice and consultation regarding musical selections and arrangements for the televised programs; musical composition and song-writing services for others" in Class 41.

13. In addition to her work in the United States, Ms. Cash has garnered international acclaim for her music, always using the BRIANA CASH mark when promoting herself globally. Prior to the pandemic, she toured regularly in Europe and the U.K., where she has a sizeable fan base.

14. Ms. Cash uses the BRIANA CASH mark extensively, including on her website, which promotes her recorded music and live shows and events.

15. The BRIANA CASH Registration is valid, subsisting, and unrevoked, and is prima facie evidence of Plaintiff's exclusive right to use the BRIANA CASH trademark in commerce in connection with the services specified in the registration.

16. Ms. Castro and Interscope itself have used and promoted, and on information and belief continue to use and promote, Ms. Castro and her music in an unauthorized and misleading manner, particularly by her use of the stage name "Brianna Cash" on official and unofficial channels, platforms, and communications online.

17. "Brianna Cash" is confusingly similar to BRIANA CASH.

///

18. Such use infringes upon Ms. Cash's intellectual property rights, as set forth herein.

19. From August 4, 2020 through September 26, 2020, multiple discussions took place over the phone and via email between counsel for Ms. Cash and Ms. Castro's management, in the course of which Ms. Cash made clear that alternative spellings of Ms. Castro's stage name, including any use of "Cash," would be an unacceptable resolution of Defendants' infringement.

20. On September 23, 2020, after previous counsel sent a third cease and desist letter to Interscope because of an inability to resolve the infringement issues, Ms. Castro's management emailed Ms. Cash's counsel stating, "Please be advised that I am in receipt of the letter your firm sent to Interscope September 23, 2020 related to this matter and I informed Interscope on September 24, 2020 that my client will cease using the stage name 'Brianna Cash' and will begin using the name 'Brianna Castro' professionally. I was advised by Interscope that the soonest they can commence the name change is September 29, 2020 and the process will be completed the week of October 5, 2020."

21. Contrary to this representation, however, the infringement did not cease, and as of April of 2021:

    a. Brianna Castro's website at http://www.briannacashofficial.com was still accessible;

    b. The official YouTube Music Video for the song "Numb," recorded by Ms. Castro and released by Interscope and under the control of Interscope, was still posted at the URL https://www.youtube.com/watch?v=PfeAxpafWJw, listing the artist as by "Brianna Cash" in the video title and video description and utilizing the hashtag #BriannaCash;

    c. Ms. Castro's Official YouTube / VEVO Page, which was controlled by Interscope and located at the URL

https://www.youtube.com/channel/UCgmLaxr3sPRp9Ods6lHfdkQ/featured, was still entitled "BriannaCashVEVO" and used YouTube Banner featuring a photo with Ms. Castro with the text "[N]umb. Brianna Cash & Tory Lanez";

d. Ms. Castro's Official Facebook Page at https://www.facebook.com/CashBrianna, which used the BRIANA CASH Mark in the URL and prominently displayed "Brianna Cash" on the actual page next to a photo with Ms. Castro also verified with a blue check mark, was still accessible;

e. Ms. Castro's Official Instagram Page at https://www.instagram.com/briannacash/, which used the Instagram handle @briannacash although using "Brianna Castro" in her Instagram bio, and which was also verified with a blue check mark, was also still online;

f. Ms. Castro's Official Twitter Page at https://twitter.com/briannacash, using the Mark in the URL and the Twitter handle @briannacash, displayed under a photo of Ms. Castro, was also still online;

g. Ms. Castro's Official SoundCloud Page at https://soundcloud.com/cashbrianna, which uses the Mark in the URL and prominently displays "Brianna Cash" on the actual page next to a photo with Ms. Castro, and which links to Ms. Castro's Twitter and Instagram accounts with hyperlinks to @briannacash, was still accessible as well; and

h. The Artist Page on Interscope's website for Ms. Castro located at https://www.interscope.com/artists/brianna-castro, and linking to www.briannacashofficial.com, Ms. Castro's YouTube, Facebook, Instagram, were all still accessible online.

22. All of the above pages/accounts/handles were either within Ms. Castro's or Interscope's control and changing the handles, accounts, hashtags, page titles, tags, domains, and URLs could have been implemented with little effort on Defendants' part, but were not changed by the agreed upon October 5, 2020 date.

23. The aforementioned infringements represent non-exclusive examples Ms. Castro's and Interscope's use of Ms. Cash's name and registered Mark, which has caused consumer confusion.

24. Throughout 2021 and 2022, Ms. Castro's fans continued to post and re-post her content with the hashtag #briannacash.

25. Due to the one "N" difference between BRIANA and BRIANNA, fans also continually reposted, possibly by accident, the confusingly similar hashtag with one "N" which is Ms. Cash's name and Mark and which hashtag is a hashtag that is commonly used by Ms. Cash.

26. In fact, because of Defendants' infringing acts, social media users routinely tag Ms. Cash's Instagram page, @brianacashmusic, when attempting to post about Ms. Castro, and refer to her Instagram account.

27. Furthermore, Ms. Cash has also received multiple communications from individuals on social media directing animus towards her for working with a rapper named Tory Lanez, due to press coverage of a widely reported incident involving allegations of unlawful conduct, arising from confusion between Ms. Cash and Ms. Castro.

28. This mistaken association between Tory Lanez and Ms. Cash has harmed Ms. Cash's reputation amongst fans, consumers, business organizations and others.

29. Ms. Cash has lost a substantial number of followers on social media since Ms. Castro began using the handle @briannacash on social media platforms, and since the time Ms. Castro's song with Tory Lanez was released.

///

## FIRST CAUSE OF ACTION

*(Trademark Infringement in Violation of 15 U.S.C. § 1114 / Lanham Act § 32)*

30. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 37 above as though fully set forth herein.

31. Defendants have infringed Plaintiff's exclusive right to use the BRIANA CASH mark in connection with the services specified in the BRIANA CASH Registration by performing and providing identical or similar services under the stage name and mark BRIANA CASH.

32. This use is likely to cause confusion because Defendants is using a trademark that is identical to the BRIANA CASH mark used and registered by Plaintiff for and in connection with identical services.

33. Defendants' use of the BRIANA CASH trademark was designed to deceive and mislead consumers into believing that they were receiving the same services offered and sold by Plaintiff when, in reality, consumers were receiving another service, which is in no way related to or affiliated with Plaintiff.

34. The likelihood of confusion was further increased because the services sold under the BRIANA CASH trademark by both parties are identical and because Defendants were using the same channels of trade and advertisement and aiming to attract the same prospective customers.

35. Defendants have advertised Ms. Cash's services through social media, such as Facebook, Instagram and Twitter, under the name and mark BRIANA CASH.

36. Defendants' acts, as alleged, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury to the public and to Plaintiff's business reputation and goodwill.

37. Plaintiff's BRIANA CASH is federally registered and thus, Defendants' use without leave or license of a colorable imitation thereof via the

BRIANA CASH Trademark constitutes trademark Infringement, pursuant to Section 32 of the Lanham Act, 15 U.S.C.A. § 1114.

38. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer or is likely to suffer damage to her business reputation and goodwill. Defendants will continue, unless restrained, to use a mark that is identical to Plaintiff's BRIANA CASH mark and will cause irreparable damage to Plaintiff, including diversion of customers, loss of sales and loss of profits.

39. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants and all persons acting on behalf of or in concert with them, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

40. Plaintiff is further entitled to recover from Defendants the actual damages that Plaintiff has sustained is likely to sustain as a result of Defendants' wrongful acts.

41. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of her acts of trademark infringement.

42. Defendants' acts were and have been willful and intentional, as Defendants knew of Plaintiff and her registered trademark since before the acts of infringement. As a result, Plaintiff is entitled to an award of enhanced damages under 15 U.S.C. § 1117.

///

///

///

## SECOND CAUSE OF ACTION

*(False Designation of Origin, Passing Off and Unfair Competition Under 15 U.S.C. § 1125(a) / Lanham Act § 43(a))*

43. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully set forth herein.

44. In spite of Plaintiff's rights and prior use of the BRIANA CASH mark and with prior knowledge thereof, Defendants willfully adopted used a mark identical to Plaintiff's registered trademark in connection with the offering for sale and distribution of the same type of services.

45. Defendants' adoption and use in commerce by Defendants of Plaintiff's BRIANA CASH mark is without permission, leave or authority from Plaintiff.

46. Defendants willfully and intentionally using a misleading trademark, which is likely to cause confusion, mistake or deceit as to the affiliation, connection, or association of Defendants with Plaintiff or her BRIANA CASH trademark, in violation of 15 U.S.C.§ 1125(a).

47. By the same token, Defendants is willfully and intentionally using a misleading mark, which is likely to cause confusion, mistake or deceit as to the sponsorship, origin or approval of her services or commercial activities by Plaintiff, also in violation of 15 U.S.C.§ 1125(a).

48. Defendants' willful and intentional use of the BRIANA CASH trademark in connection with Defendants' services is likely to cause confusion or mistake or to deceive purchasers as to the quality of the products and the source of origin of such products.

49. The adoption by Defendants of the mark BRIANA CASH is intended to capitalize on the visibility, commercial impression and consumer recognition of Plaintiff's trademark in order to convey the notion that Defendants' services are made or sponsored by, or affiliated or somehow associated with, Plaintiff.

///

50. By using a name and mark identical to Plaintiff's name and mark, Defendants is creating the false and misleading impression that her services originate from or are affiliated, connected, or associated with Plaintiff.

51. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer or is likely to suffer damage to her business reputation and goodwill. Defendants will continue, unless restrained, to use a mark that is identical to Plaintiff's BRIANA CASH mark and will cause irreparable damage to Plaintiff, including diversion of customers, loss of sales and loss of profits. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, her officers, agents, and employees, and all persons acting on behalf of or in concert with Defendant, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants is preliminarily and permanently enjoined from her unlawful conduct.

52. Plaintiff is further entitled to recover from Defendants the actual damages that Plaintiff has sustained or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered or is likely to suffer by reason of Defendants' acts of trademark infringement.

53. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of her wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of her acts of trademark infringement.

54. Defendants' acts are willful and intentional, as Defendants knew of Plaintiff and her trademark since before the acts of infringement. As a result, Plaintiff is entitled to an award of enhanced damages under 15 U.S.C. § 1117.

55. Plaintiff is entitled to preliminary injunctive relief to prevent Defendants from using the BRIANA CASH trademark in connection with the

- 11 -
FIRST AMENDED COMPLAINT

services identified in US Registration 5,135,400 and or any other confusingly similar services, and to recover damages, profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

*(Common Law Trademark Infringement and Unfair Competition)*

56. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully set forth herein.

57. As a result of Plaintiff's extensive and continuous use of the BRIANA CASH Mark in connection with identical services, consumers have come to recognize and identify Plaintiff's BRIANA CASH Mark with Plaintiff. This, in turn, has established extensive goodwill in Plaintiff's BRIANA CASH Mark.

58. Defendants have used and continue to use in commerce, without Plaintiff's consent, a mark that so resembles Plaintiff's Mark that it is likely to cause confusion with respect to the source and origin of Defendants' services and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants or the marketing or sale of their products.

59. Defendants' use of a mark that is identical to Plaintiff's BRIANA CASH Mark induces prospective purchasers and others to believe, contrary to the fact, that the services sold by Defendants are rendered, sponsored, or otherwise approved by, or connected with, Plaintiff.

60. Defendants' unauthorized use of a mark that is identical to Plaintiff's BRIANA CASH mark constitutes trademark infringement and unfair competition under the common law.

61. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer or is likely to suffer damage to her business reputation and goodwill.

///

62. Defendants will continue, unless restrained, to use a mark that is identical to Plaintiff's BRIANA CASH Mark and will cause irreparable damage to Plaintiff, including diversion of customers, loss of sales and loss of profits.

63. Plaintiff has no adequate remedy at law.

64. Plaintiff is entitled to an injunction restraining Defendants and all persons acting on behalf of or in concert with Defendants from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

65. Plaintiff is further entitled to recover from Defendants the actual damages that Plaintiff has sustained or is likely to sustain as a result of Defendants' wrongful acts.

66. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

## FOURTH CAUSE OF ACTION

*Right of Publicity – California Civil Code § 3344*

67. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully set forth herein.

68. Plaintiff is an established musical performer with a proprietary interest in the use in public of her name and mark BRIANA CASH.

69. Defendants has offered for sale, sold or distributed the services or goods bearing Ms. Cash's name or has used said names in advertising for Defendants' services or goods.

70. Said use was made without authorization, consent or acquiescence.

71. Defendants have violated California Civil Code § 3344 by knowingly appropriating, using and exploiting Ms. Cash's name on the services and goods that

1 they have offered for sale, sold or distributed or in advertising for any goods for
2 their commercial benefit.

3   72.   As a result of their infringing activities, Defendants have deprived
4 Plaintiffs and Ms. Cash of the right to control the time, place, terms and manner by
5 which to publicize her special talents.

6   73.   Plaintiff has no adequate remedy at law. Plaintiff is entitled to an
7 injunction restraining Defendants and all persons acting on behalf of or in concert
8 with Defendants from engaging in further acts of trademark infringement. Such
9 harm will continue and increase until Defendants are preliminarily and permanently
10 enjoined from their unlawful conduct.

11   74.   Plaintiff is further entitled to recover from Defendants the actual
12 damages that Plaintiff has sustained or is likely to sustain as a result of Defendants'
13 wrongful acts.

14   75.   Plaintiff is further entitled to recover from Defendants the gains,
15 profits, and advantages that Defendants have obtained as a result of her wrongful
16 acts.

## REQUEST FOR RELIEF

18 WHEREFORE, Plaintiff requests the court grant relief as follows:

19 i. That the Court render a final judgment in favor of Plaintiff and against
20 Defendants on all claims alleged herein;

21 ii. That Defendants be adjudged to have infringed Plaintiff's rights in and to
22 the latter's BRIANA CASH Mark;

23 iii. That the Court render a final judgment declaring that Defendants have
24 willfully violated the provisions of 15 U.S.C. §§ 1114 and 1125(a) and applicable
25 state and common law;

26 iv. That Defendants be ordered to pay Plaintiff all damages Plaintiff has
27 sustained by virtue of Defendants' actions as alleged herein;

28 v. That, because of the exceptional nature of this case resulting from

Defendants' actions, that the Court award Plaintiff treble damages, punitive damages, and her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, as well as pursuant to California Law;

    vi. That, pursuant to 15 U.S.C. § 1116, the common law, or applicable state law, Defendants and her agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with him or them, be preliminarily and permanently enjoined from:

    a) Using the BRIANA CASH designation and any other mark confusingly similar to the BRIANA CASH trademark;

    b) Using in any manner any service mark, trademark, trade name, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof, which would imitate, resemble or suggest Plaintiff's mark;

    c) Otherwise infringing Plaintiff's BRIANA CASH trademark;

    d) Using, registering or reserving any mark, label, symbol or logo that is confusingly similar to the BRIANA CASH trademark;

    e) Using the name, likeness, persona or identity of Plaintiff or her professional name or stage name BRIANA CASH or any similar name which directly or indirectly refers, portrays, characterizes, conjures up images of, associates with or relates to Plaintiff; and

    f) Causing or abetting any third party to engage in any of the foregoing acts.

    vii. That, pursuant to 15 U.S.C. § 1117, Defendants be ordered to pay to Plaintiff damages in an amount sufficient to fairly compensate Plaintiff for the injury she has sustained plus all profits that are attributable to the infringing sale of goods or services with the trademark described in this Amended Complaint, as well as damages sustained; statutory damages as provided by 15 U.S.C. § 1117(c) of the Lanham Act; or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits, and reasonable attorneys' fees as

provided by 15 U.S.C. § 1117(b).

viii. That, pursuant to 15 U.S.C. § 1118, Defendants be directed to deliver up for destruction all discs, marketing materials, advertisements, labels, signs, prints and all other materials in her possession or under her control that contain the mark BRIANA CASH, or any other name or mark that resembles the BRIANA CASH mark, or any other reproduction, copy or colorable imitation of the BRIANA CASH mark.

ix. That Defendants be ordered to provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay her ill-gotten gains obtained from the illegal transactions entered into or pay restitution, including the amount of monies that should have been paid if Defendants complied with her legal obligations, or as equity requires;

x. That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by applicable law; and

xi. For such other and further relief as the Court may deem just and equitable.

Dated: July 21, 2022

**DHILLON LAW GROUP INC.**

By: /s/ Matthew Hoesly_____
Matthew Hoesly (SBN 289593)
mhoesly@dhillonlaw.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
T: (949) 396-0608

Nitoj P. Singh (SBN 265005)
nsingh@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, California 94108
T: (415) 433-1700

Ronald D. Coleman (*pro hac vice*)
rcoleman@dhillonlaw.com
50 Park Place, Suite 1105
Newark, NJ 07102
T: (973) 298-1723

*Attorneys for Plaintiff*
*Briana Cash*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable by jury.

Dated: July 21, 2022

**DHILLON LAW GROUP INC.**

By: /s/ Matthew Hoesly_____
Matthew Hoesly (SBN: 289593)
mhoesly@dhillonlaw.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
T: (949) 396-0608

Nitoj P. Singh (SBN: 265005)
nsingh@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, California 94108
T: (415) 433-1700

Ronald D. Coleman (*pro hac vice*)
rcoleman@dhillonlaw.com
50 Park Place, Suite 1105
Newark, NJ 07102
T: (973) 298-1723
*Attorneys for Plaintiff,*
*Briana Cash*