Nitoj P. Singh (SBN 265005)
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
nsingh@dhillonlaw.com

Matthew M. Hoesly (SBN 284793)
**DHILLON LAW GROUP INC.**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Telephone: (949) 396-0608
mhoesly@dhillonlaw.com

Ronald D. Coleman (*pro hac vice*)
**DHILLON LAW GROUP INC.**
50 Park Place, Suite 1105
Newark, NJ 07102
T: (973) 298-1723
rcoleman@dhillonlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant,*
BRIANA CASH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BRIANA CASH, <br><br> Plaintiff, <br><br> vs. <br><br> INTERSCOPE GEFFEN A&M RECORDS, *a wholly-owned subsidiary of* UNIVERSAL MUSIC GROUP N.V., *a Netherlands corporation;* and BRIANNA CASTRO, <br><br> Defendants <br> INTERSCOPE RECORDS, A DIVISION OF UMG RECORDINGS, INC., AND | **Case No.: 2:22-cv-01900-ODW(MAAx)** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF BRIANA CASH** <br><br> Date:    August 28, 2023 <br> Time:    1:30 P.M. <br> Judge:   Hon. Otis D. Wright <br> Court:   350 W. 1st Street, Los Angeles, CA, 90012, Courtroom 5D, 5th Floor |



| | |
|---|---|
| BRIANNA CASTRO, | |
| Counterclaimants, | |
| vs. | |
| BRIANA CASH, | |
| Counterclaim Defendant. | |

## I.  INTRODUCTION

The Dhillon Law Group Inc. ("DLG"), counsel for Plaintiff Briana Cash ("Cash"), hereby moves for leave of this Court to allow DLG to withdraw as counsel for Cash in this action. DLG makes this Motion on the grounds that: 1) the attorney-client relationship has been irretrievably destroyed as Cash has refused to demonstrate deference to her counsel's advice to resolve this action in a realistic manner; 2) Cash's conduct in failing to cooperate with her counsel in discovery and refusing to heed her counsel's advice has rendered it unreasonably difficult for DLG to carry out her representation effectively; 3) Cash has indicated that she intends to secure new litigation counsel, but has refused to permit DLG to withdraw from this matter until she secures new counsel.

As shown below, California's Rules of Professional Conduct and the rules of this Court permit withdrawal of counsel under these circumstances. As such, this Motion should be granted.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

1.  Cash filed her operative First Amended Complaint on July 21, 2022. [ECF No. 31]. Defendants and Counterclaimants Interscope Records and Brianna Castro ("Defendants") filed their Answer and Counterclaim on August 22, 2022. [ECF Nos. 35 and 36, respectively]. Cash filed her Answer to Defendants' Counterclaim on September 12, 2022 [ECF No. 40]. On May 11, 2023, the parties conducted a fully day mediation. [Declaration of Ronald D. Coleman "Coleman Decl.", ¶ 2]. This matter is currently set for trial on January 16, 2024. [Coleman Decl. ¶ 8]. In the weeks since the conclusion of the mediation, and following some additional discovery by the parties, including third-party discovery, it has become evident that Cash has a significant damages issue with her case. [Coleman Decl. ¶ 3]. Despite her counsel's best efforts to advise Cash based on his decades of



experience as an intellectual property litigator, the attorney-client relationship has been irretrievably destroyed as Cash has refused to demonstrate deference toward her counsel's advice to resolve this action in a realistic manner. [Coleman Decl. ¶ 4]. Cash's conduct in refusing to heed her counsel's advice has rendered it unreasonably difficult for DLG to carry out her representation effectively. [Coleman Decl. ¶ 5]. On July 21, 2023, counsel for Defendants conveyed a final "take it or leave it" offer to Cash before seeking to depose her on July 26, 2023, and thereafter move to file its Summary Judgment Motion. [Coleman Decl. ¶ 6]. DLG promptly conveyed defense counsel's settlement offer to Cash and notified her that DLG has gone as far as it could with her on this matter. [*Id.*] Cash has refused to permit my firm to withdraw and substitute herself as a pro se litigant in place of my firm until she secures new litigation counsel. [Coleman Decl. ¶ 7]. Since Cash has not yet retained successor counsel, DLG respectfully requests that the Court grant a stay of at least 60 days to allow Cash to locate and retain new counsel. [Coleman Decl. ¶ 9].

### III.   ARGUMENT

The Civil Local Rules of the United States District Court for the Central District of California authorize an attorney to withdraw as counsel of record after he or she (1) provides written notice to the client and all other parties in the action, and (2) the attorney obtains leave of court. L.R. 83-2.3.2. The decision to permit counsel to withdraw is within the sound discretion of the trial court. See *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Withdrawal is governed by the California Rules of Professional Conduct. See Civ. L.R. 11-4(a)(1) and in this District, L.R. 83-2.3.2; *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Courts also look at several factors, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

California Rules of Professional Conduct, Rule 1.16(b), state that an attorney may withdraw from representation if: (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively and (6) the client knowingly and freely assents to termination

Cash|DLG|DLG's

of the representation.

Here, withdrawal is permitted as Cash's conduct, as set forth in the accompanying declaration of Ronald D. Coleman, has rendered it unreasonably difficult for her lawyers to carry out her representation effectively. Differences of opinion as to strategy and the viability of Cash's case have arisen between Cash and DLG, and as such, there has been an irreconcilable breakdown of the attorney-client relationship. While this case is set for trial in January 2024, this matter has only been at issue for less than a calendar year. More importantly, the discovery cut-off and dispositive motion filing deadlines have not yet passed. Thus, granting the withdrawal will not prejudice defendants, harm administration of justice, or significantly delay the resolution of this action. Indeed, the Court and defendants' interests would be best served by the withdrawal of DLG at this stage of the litigation, to be replaced with litigation counsel who agrees with Cash's vision for her case.

DLG requests that, should this Motion be granted, this Action be stayed for 60 days so that Cash may be afforded time to retain new counsel, and new counsel may have time to come up to speed on all matters. A 60-day stay is reasonable given that this matter has only been continued one time previously by stipulation of the parties (and approval of the Court) and for less than a 90-day period.

**IV.   CONCLUSION**

Pursuant to California Rules of Professional Conduct and the rules of this Court, good cause exists to grant DLG leave to withdraw as counsel for Plaintiff Briana Cash. As such, the DLG's Motion should be granted. Should the Court require additional information from DLG, it is willing to provide the same for an *in camera* review by the Court. Nothing set forth in this Motion and any supporting papers is intended to waive, in any way, the attorney-client privilege between DLG and Cash, except as specifically disclosed herein.

Date: July 26, 2023

**DHILLON LAW GROUP INC.**

By: _____
Nitoj P. Singh
Ronald D. Coleman
Matthew M. Hoesly
*Attorneys for Plaintiff*,
Briana Cash

