MARC E. MAYER (SBN 190969)
mem@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Defendants / Counterclaimants
Interscope Records and Brianna Castro*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIANA CASH,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERSCOPE RECORDS, a division of UMG RECORDINGS, INC., a Delaware corporation; and BRIANNA CASTRO,<br><br>    Defendants.<br><br>INTERSCOPE RECORDS, a division of UMG RECORDINGS, INC., and BRIANNA CASTRO,<br><br>    Counterclaimants,<br><br>    v.<br><br>BRIANA CASH,<br><br>    Counterclaim Defendant. | CASE NO. 2:22-cv-01900-ODW (MAAx)<br><br>Judge Otis D. Wright, II<br><br>**DEFENDANTS' RESPONSE TO DHILLON LAW GROUP INC.'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Date:    August 28, 2023<br>Time:   1:30 p.m.<br>Ctrm:   5D (First Street Courthouse)<br><br>FAC Filed:  July 21, 2022<br>Trial:       Jan. 16, 2024 |

Mitchell Silberberg & Knupp LLP

**DEFENDANTS' RESPONSE TO DLG'S MOTION TO WITHDRAW AS COUNSEL**

1. Defendants and Counterclaimants Interscope Records ("UMG") and Brianna Castro ("Castro," together with UMG, "Defendants") write in response to the Motion to Withdraw as Counsel for Plaintiff Briana Cash (the "Motion"), filed by Dhillon Law Group Inc. ("DLG"), to provide further context relevant to the Motion.

While Defendants do not oppose the Motion in principle, they wish to make the Court aware that they are suffering significant prejudice as a result of their inability to complete necessary discovery (and Plaintiff's refusal to participate in discovery) while this Motion is pending.  Most notably, Plaintiff failed to appear for her deposition on July 26, Plaintiff and her counsel have refused to provide a new deposition date in August, and Plaintiff's counsel has refused to make a third party witness (Plaintiff's manager) available for deposition in August.  The prejudice to Defendants is particularly acute in light of the impending discovery cut-off of *September 11, 2023* and dispositive motion deadline of *September 18, 2023*.  In order to redress this prejudice, this Court should (a) give Plaintiff a *very* brief window to find new counsel, (b) order that Plaintiff immediately comply with all of her discovery obligations, and (c) accord Defendants additional time to complete outstanding discovery and file their Motion for Summary Judgment.  It would be wholly unfair to Defendants if they were unable to properly defend this matter due to delay caused by the withdrawal of Plaintiff's counsel.

By way of background, Plaintiff Briana Cash ("Plaintiff") is an unknown "adult contemporary" singer/songwriter from Massachusetts who has over the last decade performed at a few bars and restaurants in New England, sold a handful of self-produced records, and collected under $1,000 in music royalties.  Plaintiff, via DLG, filed this trademark lawsuit on March 23, 2022 (the "Lawsuit").  Dkt. 1.[1]  In the Complaint, Plaintiff alleges that Defendants, a record company and a recording

---

[1] DLG publicized, and continues to publicize, its filing of this Lawsuit on its website, https://www.dhillonlaw.com/lawsuits/briana-cash-v-interscope-records/.

artist, infringed Plaintiff's purported trademark in her name ("Briana Cash") in connection with sound recordings and musical performances by an up-and-coming Afro-Latina hip-hip/R&B recording artist (Brianna Castro) who formerly used the stage name "Brianna Cash."  In 2020, Plaintiff – claiming that her reputation had been damaged by Castro's association with hip-hop artists such as Tory Lanez (who collaborated with Castro on her song "Numb") – made a written demand to Defendants that they cease using the "Brianna Cash" name in connection with Castro's sound recordings and performances.  In order to avoid litigation, Defendants agreed to do so (at great personal cost to Castro), and since 2020 Castro has performed as "Brianna Castro."  Nevertheless, in 2022 Plaintiff inexplicably filed this lawsuit, claiming that a few remaining legacy references to Castro as "Brianna Cash" infringed her trademark in her name.

During initial discussions with DLG over a year ago, and repeatedly thereafter, Defendants' counsel made clear to DLG that Plaintiff's claims – especially her damages claims – had no factual or legal basis and that they were willing to work with Plaintiff to resolve any non-monetary issues.[2]  Declaration of Marc E. Mayer ("Mayer Decl.") ¶ 3.  Plaintiff, however, refused to discuss settlement for more than a year, refused to explain the basis of any claim for damages, and refused to dismiss the case.  *Id*.  As a result, Defendants have been forced to incur significant costs – through multiple requests for production, interrogatories, requests to admit, and deficiency letters sent in connection therewith – to establish through discovery what DLG could have discovered had it undertaken a reasonable inquiry to confirm that Plaintiff's "factual contentions ha[d] evidentiary support."  *See* Fed. R. Civ. P. 11(b).

In the meantime, Defendants' efforts to complete discovery have been hampered by Plaintiff's stonewalling and delay.  Defendants have been attempting

---

[2] A quick view of Plaintiff's public artist profiles on various streaming sites, such as Spotify and Apple Music, provided – at the very least – notice to DLG that Plaintiff's damages are, at best, *de minimis*.

Mitchell Silberberg & Knupp LLP

2

**DEFENDANTS' RESPONSE TO DLG'S MOTION TO WITHDRAW AS COUNSEL**

to take Plaintiff's deposition for months. They initially noticed her deposition for April 2023, but it was adjourned while the parties engaged in private mediation (which was unsuccessful). Mayer Decl. ¶ 4. Subsequently, Plaintiff refused to have her deposition taken in June in Los Angeles, the city where she allegedly resides according to her Complaint, and where she filed this lawsuit. *Id.* Ultimately, the parties agreed that the deposition would proceed on July 26, 2023. This agreement was memorialized in a stipulation filed with the Court. Dkt. 52.[3]

On July 24, 2023, just two days before the deposition, DLG informally apprised Defendants' counsel that it intended to withdraw as counsel for Plaintiff. Mayer Decl. ¶ 6.[4] Then, on July 26, just *minutes* before the deposition was set to begin, DLG filed its Motion. Dkt. 56. The Motion is scheduled to be heard on August 28, 2023, just two weeks before the deadline for fact discovery. Defendants previously advised DLG that they were unwilling to reschedule the deposition. Mayer Decl. ¶ 6. However, Plaintiff and DLG, her counsel of record, failed to appear at her deposition and Defendants took a statement of non-appearance.[5] *Id.*, ¶ 7.

Even though DLG is still Plaintiff's counsel, and it filed its Motion such that it will not be heard for weeks, DLG has now forced the cancellation or non-appearance of at least three depositions, each of which was noticed many weeks (or months) ago. Mayer Decl., ¶¶ 9-10. This conduct by DLG has caused

---

[3] On June 13, 2023, this Court expressed concern that Plaintiff was acting in "a way that interferes with her own discovery and pretrial obligations as the Plaintiff in this case." Dkt. 53.

[4] DLG did not seek a protective order or file anything with the Court, despite its intention to withdraw and to not appear at Plaintiff's noticed deposition.

[5] Immediately after Plaintiff failed to appear for her deposition, Defendants served DLG with a request for an informal discovery conference, pursuant to Magistrate Judge Audero's rules. On August 7, 2023, Judge Audero held an informal discovery conference with the parties. Dkt. 57. During that call, DLG represented to Judge Audero that due to a breakdown in the relationship between DLG and Plaintiff, they could not represent Plaintiff at her deposition. Magistrate Judge Audero continued the conference to Wednesday, August 9, 2023 at 9:00 a.m., and required Plaintiff to *personally* appear at the conference. Mayer Decl., ¶ 12.

significant prejudice to Defendants, who have been forced to incur substantial costs, and it has needlessly delayed critical discovery in this case, which is nearly ripe for summary adjudication. Indeed, Defendants have been preparing their Motion for Summary Judgment, which they anticipated filing before the end of August. Mayer Decl., ¶ 11. But they now cannot do so because they have been unable to take Plaintiff's deposition.

Fact discovery closes on September 11, 2023, a date that is rapidly approaching. Additionally, the expert disclosure deadline already has passed, and the dispositive motion deadline is September 18, 2023. Accordingly, while Defendants do not object to DLG's withdrawal in principle, they plainly will be significantly prejudiced if Plaintiff continues to obstruct discovery, if they are not given a full opportunity to complete discovery, if they are unable to use Plaintiff's testimony in their Motion for Summary Judgment, or if this case is further delayed while Plaintiff attempts to find new counsel willing to take on a case where there are "significant damages issues."

Therefore, Defendants request that, should the Court grant DLG's Motion, the Court:

(i) Limit the time allotted to Plaintiff to find new counsel to no more than 14 days;

(ii) Continue the pre-trial deadlines by 30 days, to account for the delay caused by this Motion and Plaintiff's refusal to participate in discovery while this Motion is pending (or, at minimum, extend the discovery cut-off with respect to the deposition of Plaintiff and her manager and extend the dispositive motion deadline); and

(iii) Order Plaintiff and her manager, Carol Yebba, to each sit for a deposition prior to the continued discovery cut-off.

Alternatively, if the Court is unwilling to continue the pre-trial dates, Defendants request that Plaintiff be precluded from offering any testimony at trial

Mitchell Silberberg & Knupp LLP

4

DEFENDANTS' RESPONSE TO DLG'S MOTION TO WITHDRAW AS COUNSEL

or in opposition to a Motion for Summary Judgment as a result of her unexcused failure to appear for deposition on July 26, 2023.

DATED: August 7, 2022

MARC E. MAYER
ALEXANDRA L. ANFUSO
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
  Marc E. Mayer (SBN 190969)
  Attorneys for Defendants /
  Counterclaimants
  Interscope Records and Brianna Castro