MARC E. MAYER (SBN 190969)
mem@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Defendants / Counterclaimants*
*UMG Recordings, Inc. and Brianna Castro*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIANA CASH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERSCOPE RECORDS, a division of UMG RECORDINGS, INC., a Delaware corporation; and BRIANNA CASTRO,<br><br>　　　　Defendants.<br><hr>INTERSCOPE RECORDS, a division of UMG RECORDINGS, INC., and BRIANNA CASTRO,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>BRIANA CASH,<br><br>　　　　Counterclaim Defendant. | CASE NO. 2:22-cv-01900-ODW (MAAx)<br><br>Judge Otis D. Wright, II<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF DEFENDANTS' RESPONSE TO DHILLON LAW GROUP INC.'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Date:　　　August 28, 2023<br>Time:　　　1:30 p.m.<br>Ctrm:　　　5D (First Street Courthouse)<br><br>FAC Filed:　July 21, 2022<br>Trial:　　　Jan. 16, 2024 |

Mitchell Silberberg & Knupp LLP

**MAYER DECLARATION IN SUPPORT OF RESPONSE TO MOTION TO WITHDRAW AS COUNSEL**

## DECLARATION OF MARC E. MAYER

I, MARC E. MAYER, declare:

1. I am an attorney at law duly licensed to practice law in the State of California and before this Court. I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), attorneys of record for Defendants and Counterclaimants Interscope Records and Brianna Castro (collectively, "Defendants"). Unless otherwise stated, I have personal knowledge of the following facts, and if called and sworn as a witness, could and would competently testify thereto.

2. I submit this declaration in support of Defendants' Response to Dhillon Law Group, Inc.'s ("DLG") Motion to Withdraw as Counsel for Plaintiff Briana Cash (the "Response").

3. Shortly after this case was filed, I contacted Plaintiff's counsel, Ron Coleman, at DLG, to discuss settlement of this case and in an effort to better understand the nature of Plaintiff's claims and damages theories. During these initial conversations, and repeatedly thereafter, I made clear to DLG that Plaintiff's claims – especially her damages claims – had no factual or legal basis and that we were willing to work with Plaintiff to resolve any non-monetary issues. Plaintiff, however, steadfastly refused to discuss settlement or to make a settlement demand. Plaintiff also refused to explain the factual and legal basis of any claim for damages, either informally or in response to Defendants' discovery requests.

4. My office initially noticed Plaintiff's deposition for April 2023, but it was adjourned while the parties engaged in private mediation. The mediation took place on May 18, 2023, before Ms. Gail Title. The mediation was unsuccessful. Shortly after the mediation, my office again noticed Plaintiff's deposition, for June 2023. However, Plaintiff refused to have her deposition taken in June in Los Angeles, claiming that she was residing in Boston, Massachusetts, for the summer months, and could not travel to Los Angeles until late July 2023. Ultimately, to

1  avoid further dispute, the parties agreed that Plaintiff's deposition would take place in Los Angeles on July 26, 2023.

5. I spent a significant amount of time preparing for the July 26 deposition, and my office reserved conference room space, a videographer, and a court reporter. I also prepared copies of hundreds of documents to be used as exhibits for the deposition. Thus, we were fully prepared to take Plaintiff's deposition on July 26, and had expended time and effort in connection with the deposition.

6. On July 24, 2023, just two days before the deposition, Mr. Coleman apprised me via email that DLG intended to withdraw as counsel for Plaintiff. I advised him that because of the approaching discovery cut-off, we were unwilling to reschedule the deposition. Mr. Coleman did not respond to that email.

7. On July 26, 2023, just minutes before the deposition was to begin, DLG filed its Motion to Withdraw. Plaintiff did not appear at her deposition, and I instead took a statement of non-appearance. DLG has refused to provide an alternative date for the deposition, and has claimed that they are unable to effectively defend Plaintiff at her deposition due to a breakdown in the attorney-client relationship.

8. Since the discovery cut-off is September 11, 2023, I am extremely concerned that unless Plaintiff and her counsel immediately agree to a deposition date, Defendants will be unable to take Plaintiff's deposition before the discovery cut-off. Indeed, I am scheduled to attend and give a keynote presentation at a legal conference in Vilnius, Lithuania, during the first week of September, and thus will be unable to take the deposition between August 28 (when this motion is scheduled for hearing) and September 11, 2023. I also am scheduled to travel to Spartanburg, South Carolina to attend oral argument in a matter pending before the District Court of the District of South Carolina, on August 16, 2023.

9. In addition to Plaintiff's deposition, Defendants noticed the deposition of Plaintiff's manager, Carol Yebba, for August 3, 2023, in Boston, Massachusetts. The August 3 date was selected by agreement between the parties. However, last

Mitchell Silberberg & Knupp LLP

3

MAYER DECLARATION IN SUPPORT OF RESPONSE TO MOTION TO WITHDRAW AS COUNSEL

week, DLG advised us that the deposition would not be going forward, and has not offered us an alternative date for the deposition.

10. Defendants have noticed two other third-party depositions, for witnesses identified in Plaintiff's initial disclosures. DLG has requested that these third-party depositions be postponed. Defendants briefly postponed one of the depositions, which is now scheduled for Monday, August 14. Defendants are concerned that due to the impending discovery cut-off, they cannot postpone the deposition again, lest they lose the ability to take that discovery.

11. For the past several weeks, my office has been preparing a Motion for Summary Judgment, which we anticipated filing well in advance of the September 17, 2023, motion filing cut-off. However, because Defendants have been unable to take Plaintiff's deposition, we have not been able to complete the Motion for Summary Judgment. We are extremely concerned that unless the deposition takes place promptly, Defendants will be prejudiced in their effort to seek summary judgment and will not have sufficient time to finalize the Motion before the September 17 cut-off.

12. Immediately after Plaintiff failed to show up for her deposition on July 26, I served DLG with Defendants' portion of a request for an informal discovery conference, pursuant to the local rules of Magistrate Judge Maria A. Audero. The request for an informal discovery conference was submitted to Judge Audero on July 27. On Wednesday, August 2, 2023, Judge Audero set the discovery conference for this morning, August 7, 2023 at 9:00 a.m. The discovery conference took place this morning. During the discovery conference, Mr. Coleman advised Judge Audero that due to a breakdown in his relationship with Plaintiff, he did not feel that he could adequately represent her at her deposition. I explained that because the impending discovery cut-off, we could not wait until after a hearing on the Motion to Withdraw to take the deposition. After hearing from both myself and Mr. Coleman, Magistrate Audero continued the conference to Wednesday, August 9, 2023 at 9:00 a.m., and

required Plaintiff to appear at the continued discovery conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of August, 2023, in Los Angeles, California.

/s/ Marc E. Mayer
Marc E. Mayer